**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| MICHAEL LAMAR SWEAT, | * |
| | * |
| Petitioner, | * |
| vs. | *   CRIMINAL NO. 14-00037-WS |
| | *   CIVIL ACTION NO. 18-00247-WS-B |
| UNITED STATES OF AMERICA, | * |
| | * |
| Respondent. | * |

## REPORT AND RECOMMENDATION

Pending before the Court is Petitioner Michael Lamar Sweat's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Docs. 136, 140), and the Government's Motion to Dismiss in response thereto (Doc. 146). This action was referred to the undersigned Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 8(b) of the Rules Governing Section 2255 Cases and is now ready for consideration.[1] Having carefully reviewed the record, the undersigned finds that no evidentiary hearing is necessary for the disposition of this matter.[2] Upon consideration, the undersigned hereby recommends

---

[1] The Honorable United States District Judge William H. Steele presided over the proceedings in this action. The undersigned has reviewed Petitioner's motion and all other relevant documents in the Court's file and has fully familiarized herself with the proceedings before Judge Steele.

[2] A district court is not required to hold an evidentiary hearing for patently frivolous claims, claims which are based upon unsupported generalizations, or claims that are affirmatively

that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Docs. 136, 140) be **DENIED**, that Respondent's Motion to Dismiss (Doc. 146) be **GRANTED**, that this action be **DISMISSED**, and that judgment be entered in favor of Respondent, the United States of America, and against Petitioner, Michael Lamar Sweat.  The undersigned also recommends that should Petitioner file a certificate of appealability, it should be denied, as he is not entitled to appeal *in forma pauperis*.

## I.  BACKGROUND

Petitioner, Michael Lamar Sweat, was indicted on February 27, 2014, on three drug-related counts, namely: (1) conspiracy to manufacture methamphetamine, in violation of 21 U.S.C. § 846; (2) attempt to manufacture methamphetamine, in violation of 21 U.S.C. § 846; and (3) possession of pseudoephedrine with knowledge and reasonable cause to believe that it would be used to manufacture a controlled substance, in violation of 21 U.S.C. § 841(c)(2). (Doc. 1).

Attorney Domingo Soto was appointed to represent Sweat.  (Doc. 36).  Sweat elected to go to trial and was convicted on Count One (conspiracy to manufacture methamphetamine) and Count Five (possession of pseudoephedrine) and was acquitted on Count Two

---

contradicted by the record.  Holmes v. United States, 876 F.2d 1545, 1553 (11th Cir. 1989); accord Lacey v. United States, 2019 U.S. App. LEXIS 4329, *5, 2019 WL 582033, *2 (11th Cir. Feb. 13, 2019).

(attempt to manufacture methamphetamine). (Docs. 63, 64). On October 6, 2014, Sweat was sentenced to 121 months' imprisonment on each count, with said terms to run concurrently. (Doc. 104).

On October 2, 2014, Mr. Soto filed a timely notice of appeal on behalf of Sweat and was appointed to represent him in the appeal of Sweat's convictions and sentence. (Doc. 97). On September 10, 2015, the Eleventh Circuit issued an opinion and entered a judgment affirming Sweat's conviction and sentence. (Docs. 121, 122).

On May 10, 2018,[3] Sweat filed a motion pursuant to 28 U.S.C. § 2255 to vacate his convictions due to ineffective assistance of counsel. (Doc. 136). Thereafter, the United States filed a motion to dismiss his motion on two grounds: (1) the motion was not dated and signed under penalty of perjury; and (2) the motion was untimely. (Doc. 138). The Court ordered Sweat to sign and date the original petition under penalty of perjury and to show cause why his petition should not be dismissed as untimely. (Doc. 139).

On July 5, 2018, Sweat filed the instant supplemental motion to vacate.[4] In his motion, Sweat argues that his trial counsel, Mr. Soto, was ineffective because he failed to properly investigate

---

[3] Under the mailbox rule, absent contrary evidence, a prisoner's motion is deemed filed on the date it is delivered to prison officials for mailing. Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001).

[4] Sweat's supplemental motion to vacate, which is signed, is identical to the original motion and supersedes the original motion. (Docs. 136, 140, 141).

and prepare his case for trial, and that as his appellate counsel, Mr. Soto, provided ineffective assistance of counsel because he failed to file a motion to vacate under 28 U.S.C. § 2255 on behalf of Sweat.  Sweat also asserts equitable estoppel.  (Doc. 140; Doc. 141 at 1, 5).  The Government, in its response, argues that Sweat's motion is untimely and that equitable estoppel is inapplicable; thus, his motion to vacate should be dismissed as untimely.[5]  (Docs. 138, 146).

For the following reasons, the undersigned finds that Sweat's supplemental motion to vacate is time-barred and, thus, recommends that the Government's motion to dismiss be **GRANTED** and that Sweat's motion to vacate (Docs. 136, 140) be **DENIED**, as untimely.

## II.  ANALYSIS

The Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA") provides that:

> (f) A 1-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of --
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

---

[5] In its second motion to dismiss, the Government incorporates in full its original motion to dismiss.  (Docs. 138, 146).

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

As noted, *supra*, Sweat was found guilty of Counts One and Five of the indictment and was sentenced to 121 months' imprisonment on each count, with said terms to run concurrently. (Doc. 104). Judgment was entered by this Court on October 6, 2014. (Id.). Thereafter, Sweat timely filed a notice of appeal, and the Eleventh Circuit Court of Appeals entered judgment affirming his convictions and sentence on September 10, 2015. (Docs. 121, 122). Because Sweat did not file a petition for a writ of certiorari, his judgment became final ninety (90) days after the date of judgment of the Eleventh Circuit, or on December 9, 2015. See Clay v. United States, 537 U.S. 522, 532 (2003) ("We hold that, for federal criminal defendants who do not file a petition for certiorari with this Court on direct review, § 2255's one-year limitation period starts to run when the time for seeking such review expires."); see also Sup. Ct. R. 13.1 ("Unless otherwise provided by law, a petition for a writ of certiorari to review a judgment in any case, civil or criminal, entered by a state court of last resort or a United States court of appeals . . . is timely

when it is filed with the Clerk of this Court within 90 days after entry of the judgment.").

Therefore, under 2255(f)(1), Sweat was required to file his motion to vacate within one year of December 9, 2015, that is, by December 9, 2016. Id. However, Sweat did not file the instant motion to vacate until May 10, 2018 (Doc. 136), approximately one year and five months after the limitations period ended. Thus, Sweat's petition is due to be dismissed under 28 U.S.C. § 2255(f)(1) unless he can show that equitable tolling applies.

In his supplemental motion to vacate, Sweat argues that his untimely petition is saved by the doctrine of equitable tolling because, after the Eleventh Circuit affirmed his convictions and sentence, his appellate attorney, Mr. Soto, failed to file a § 2255 petition on his behalf. (Doc. 141 at 5). While not the model of clarity, Sweat appears to argue that he asked his attorney to file a 2255 petition for him, that his attorney advised him that he was going to file an ineffective assistance of counsel claim regarding his trial counsel in a 2255 petition,[6] that his attorney failed to advise him that it was not too late for him to hire his attorney or another attorney to file a 2255 petition, and that he did not learn until December 10, 2017, that his attorney had not filed a 2255 motion on his behalf. (Id.). According to Sweat, he

---

[6] Notably, Mr. Soto was appointed to represent Sweat in both the trial and the appellate proceedings.

made a "plethora" of telephone calls to Mr. Soto, his former counsel, from September 10, 2015, to December 10, 2017, but did not learn until December 10, 2017, that Mr. Soto had not filed a 2255 petition. (Doc. 141 at 6). Based on these circumstances, Sweat argues that he is entitled to equitable tolling.

Equitable tolling applies to the statute of limitations set forth in 28 U.S.C. § 2255(f). Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999); see also Holland v. Florida, 560 U.S. 631 (2010) (holding that a similar statute of limitations found in 28 U.S.C. § 2244(d) is subject to equitable tolling). "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Holland, 560 U.S. at 649 (internal quotation marks omitted); see also Sandvik, 177 F.3d at 1271 ("Equitable tolling is appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence."). The diligence required is "reasonable diligence," not "maximum feasible diligence," Holland, 560 U.S. at 653, and the extraordinary circumstance prong requires "a causal connection between the alleged extraordinary circumstances and the late filing of the petition." San Martin v. McNeil, 633 F.3d 1257, 1267 (11th Cir. 2011).

As Respondent points out, Sweat has advanced no arguments to support a finding of equitable tolling.  The burden firmly rests with the petitioner to establish that he is entitled to the benefit of this extraordinary remedy.  Lanier v. United States, 2019 U.S. App. LEXIS 12120, *6, 2019 WL 1787511, *3 (11th Cir. Apr. 24, 2019)("[E]quitable tolling is an extraordinary remedy [that] is limited to rare and exceptional circumstances and typically applied sparingly. . . . The movant bears the burden of establishing his entitlement to equitable tolling."); accord Jones v. United States, 304 F.3d 1035, 1040 (11th Cir. 2002).

In this case, the record shows that Mr. Soto was appointed to represent Sweat for the trial proceedings and then again, for his appeal. (Docs. 36, 102).  Mr. Soto filed a direct appeal to the Eleventh Circuit on behalf of Sweat, but it was unsuccessful. (Docs. 102, 121).  Following the unsuccessful direct appeal, Mr. Soto wrote Sweat and informed him of the result, stating: "I'm afraid that they're right. I've enclosed a copy as well as a copy of your docket sheet. You have a right to ask for certiorari.  If you want I can file one but there's really not much there. Let me know as there's a pretty short window on that."  (Doc. 136-1 at 15).  Although Mr. Soto offered to file a petition for certiorari for Sweat, there is no indication in the record that Sweat requested that he do so, and Sweat himself does not allege that he ever made such a request.

Rather, Sweat contends that his former appointed appellate counsel, Mr. Soto, agreed to file a § 2255 petition on his behalf, and failed to do so.  At the outset, it should be noted that there is no constitutional right to appointed counsel in a 2255 proceeding, which Petitioner acknowledges, and no counsel was appointed in the instant case to represent Petitioner in a 2255 proceeding.  (Doc. 141 at 5).  See Pennsylvania v. Finley, 481 U.S. 551, 555 (1987)("We have never held that prisoners have a constitutional right to counsel when mounting collateral attacks upon their convictions, see Johnson v. Avery, 393 U.S. 483, 488, 89 S. Ct. 747, 750, 21 L.Ed.2d 718 (1969), and we decline to so hold today."); accord United States v. Hernandez, 2008 WL 4559103, *1 (S.D. Fla. Oct. 10, 2008) ("There is no right to appointed counsel to pursue a Section 2255 proceeding.").

Nevertheless, Sweat asserts that his former appointed appellate counsel, Mr. Soto, agreed to file a § 2255 petition on his behalf, and then failed to do so; that he was unaware of that fact and learned for the first time that the petition had not been filed on December 10, 2017; and that he was prevented from filing a timely petition himself or hiring someone else to file it.  (Doc. 141 at 5-6).  However, the record belies Sweat's assertions.

First, the record shows that Sweat's appellate counsel, Mr. Soto, informed him on September 25, 2015, that his direct appeal to the Eleventh Circuit had been denied and gave him a copy of the

order and the docket sheet. (Doc. 136-1 at 15). Thereafter, on August 15, 2016, *before* the time period for filing a timely § 2255 habeas petition expired on December 9, 2016, Sweat filed a *pro se* motion asking the Court to amend his sentence. (Doc. 127). The Court denied the *pro se* motion, and Sweat, proceeding pro se, appealed the Court's ruling to the Eleventh Circuit (Doc. 129) on September 13, 2016. This also was *before* the time period for filing a timely § 2255 habeas petition expired on December 9, 2016. Sweat's *pro se* filings demonstrate that he knew how to communicate with the Court and was not only familiar with his case status, but was fully capable of filing a timely § 2255 petition on his own behalf, as he filed the motion to amend his sentence and notice of appeal of the denial of that motion during the time period for filing a timely § 2255 petition. Thus, Sweat could have easily communicated with the Court to determine whether a 2255 motion had been filed on his behalf and was quite capable of filing a 2255 petition on his own. Additionally, on May 10, 2018, and July 5, 2018, Sweat filed consecutive *pro se* § 2255 motions to vacate, again indicating his ability to file a § 2255 petition on his own behalf. (Docs. 136, 140). In sum, the record belies Sweat's claim that he was unaware until after the time for filing a motion to vacate had expired that his appellate counsel had not filed a § 2255 motion on his behalf, and he was prevented from filing a timely motion to vacate on his own.

Sweat relies on Holland v. Florida, 560 U.S. 631, 652 (2010), to argue that his former appeal counsel effectively abandoned him during the time that he could have filed a timely § 2255 petition and that his counsel's misconduct should constitute extraordinary circumstances warranting equitable tolling. However, Sweat's reliance on Holland is misplaced. In Holland, the court held that serious attorney misconduct by an attorney who was appointed to represent Holland in all of his state and federal post-conviction proceedings may constitute extraordinary circumstances sufficient to toll the limitations period for filing a habeas petition where the attorney failed to inform Holland that the state supreme court had decided his case, failed to research the proper filing date for filing the habeas petition, failed to file the habeas petition on time, and failed to communicate with Holland for years despite Holland's repeated letters pleading with the attorney to file the petition before the applicable time period expired (and even giving the attorney the applicable rules). Id. Nothing alleged in the instant case rises to the level of attorney misconduct/abandonment present in Holland. Indeed, the record establishes the Mr. Soto was appointed to represent Sweat for the trial proceedings and then appointed again to represent him on appeal. There is nothing before the Court that establishes that Mr. Soto was appointed or retained to represent Sweat for a 2255 petition. Moreover, even accepting as true Sweat's contention

that Mr. Soto agreed to file a 2255 petition on Sweat's behalf against his trial attorney, who was none other than Mr. Soto, Sweat has not alleged, let alone demonstrated, that he took any steps to contact the Court to determine whether the petition had been filed.  To the contrary, as stated, Sweat was filing his own *pro se* motions to amend his sentence during the time period that he could have filed a timely § 2255 petition.  This is strong evidence that Mr. Soto was not representing Sweat at that time,[7] that Sweat was fully aware of the status of his case proceedings, and that he was in no way prevented from filing a timely § 2255 petition himself.  See, e.g., Truesdale v. Secretary, Dep't of Corrs., 2015 U.S. Dist. LEXIS 172727, *17, 2015 WL 9474614, *6 (M.D. Fla. Dec. 29, 2015) ("[T]o be entitled to equitable tolling, Truesdale must show that he was diligently pursuing timely filing of his federal habeas petition before the expiration of the limitation period. Even if Truesdale could show abandonment by counsel constituting an extraordinary circumstance, he fails to argue or establish diligence.").

Based on the foregoing, the Court finds that Sweat has not alleged the existence of any extraordinary circumstances beyond

---

[7] The record shows that, on August 23, 2017, Petitioner did retain Mr. Soto to file a motion to amend sentence under 18 U.S.C. § 3582(c)(2) on his behalf (after Petitioner's *pro se* motion to amend sentence was denied), based on the enactment of Amendment 794, a clarifying amendment which amended the commentary to U.S.S.G. § 3B1.2. (Docs. 127, 128, 133, 134).

his control that prevented him from filing a timely petition, nor has he met the heavy burden of showing that he exercised reasonable diligence in prosecuting his claims and in bringing forth his habeas petition. Because Respondent has asserted the defense of statute of limitations, and Sweat has failed to meet his burden of establishing extraordinary circumstances justifying the equitable tolling of AEDPA's limitations periods, the undersigned finds that Petitioner's federal habeas petition is due to be dismissed as time-barred.

<u>**CERTIFICATE OF APPEALABILITY**</u>

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings, the undersigned recommends that a certificate of appealability in this case be **DENIED**. 28 U.S.C. § 2255, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1). A certificate of appealability may be issued only where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

Where a habeas petition is being denied, in part, on procedural grounds without reaching the merits of an underlying

constitutional claim, "a COA should be issued [only] when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484, 120 S. Ct. 1595, 1604 146 L. Ed. 2d 542 (2000). Where a habeas petition is being denied on the merits of an underlying constitutional claim, a certificate of appealability should be issued only when the petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id. ("To obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under Barefoot v. Estelle, 463 U.S. 880, 893, 103 S. Ct. 3383, 3394 77 L. Ed. 2d 1090 (1983), includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.") (internal quotation marks omitted); accord Miller-El v. Cockrell, 537 U.S. 322, 336, 123 S. Ct. 1029, 154 L. Ed. 2d 931 (2003).

Petitioner's petition does not warrant the issuance of a Certificate of Appealability. Reasonable jurists could not debate whether Petitioner's claims should be resolved in a different

manner or that Petitioner deserves to proceed further. The recommendation that Petitioner's claim be denied is based on the straightforward application of clear Circuit precedent, and no reasonable jurist could differ on the appropriate disposition of the instant claim on the record presented. As a result, Petitioner is not entitled to a certificate of appealability, and consequently, should not be permitted to proceed *in forma pauperis* on appeal.

## CONCLUSION

For the foregoing reasons, it is recommended that Petitioner's § 2255 Motion to Vacate, Set Aside, or Correct Sentence (Doc. 136, 140) be **DENIED**, that the Government's Motion to Dismiss (Doc. 146) be **GRANTED**, and that judgment be entered in favor of Respondent, the United States of America, and against Petitioner, Michael Lamar Sweat. The undersigned Magistrate Judge further opines that Petitioner is not entitled to the issuance of a certificate of appealability or the option to appeal *in forma pauperis*.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. §

636(b)(1); **Fed.R.Civ.P.** 72(b); S.D. ALA. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." *11th Cir. R. 3-1*. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

      **DONE** this **24th** day of **May 2019.**

                                 **/s/ SONJA F. BIVINS**
                            **UNITED STATES MAGISTRATE JUDGE**